IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DE-ERIC COOPER, | § § § § § § § § § § | |
| Plaintiff, | | |
| V. | | No. 3:22-cv-701-M-BN |
| RS CLARK & ASSOCIATES, INC., | | |
| Defendant. | | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff De-Eric Cooper filed a *pro se* complaint alleging that Defendant RS Clark & Associates, Inc. (RSC) violated the Fair Debt Collections Practice Act (FDCPA) with respect to a debt owed by Audree Battles, who Cooper alleges "assigned 100 percent of [her] claim(s)" to him. Dkt. No. 3.

United States District Judge Barbara M. G. Lynn referred Cooper's complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

RSC then moved to dismiss Cooper's complaint under Federal Rules of Civil Procedure 12(b)(1) (for lack of Article III standing) and 12(b)(6). *See* Dkt. No. 5. Cooper responded. *See* Dkt. No. 8. RSC replied. *See* Dkt. No. 9. And the undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the complaint for lack of jurisdiction.

### Discussion

"Under the dictates of Article III of the United States Constitution, federal

courts are confined to adjudicating actual 'cases' and 'controversies.'" *Henderson v. Stalder*, 287 F.3d 374, 378 (5th Cir. 2002) (quoting U.S. CONST. art. III, § 2, cl. 1). And "[t]here is no case or controversy without standing to sue." *Williams v. Parker*, 843 F.3d 617, 620 (5th Cir. 2016) (citing *Raines v. Byrd*, 521 U.S. 811, 818 (1997)).

Consequently, Article III "[s]tanding is a threshold issue that [a federal court must] consider before examining the merits." *Id.* (citing *Cibolo Waste, Inc. v. City of San Antonio*, 718 F.3d 469, 473 (5th Cir. 2013)); *see also Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.").

To obtain "Article III standing, a plaintiff must allege that it has been injured, that the defendant caused the injury, and that the requested relief will redress the injury." *Cotton v. Certain Underwriters at Lloyd's of London*, 831 F.3d 592, 595 (5th Cir. 2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)).

"'That triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement,' and [Cooper], as 'the party invoking federal jurisdiction, bears the burden of establishing its existence.'" *Inclusive Communities Project, Inc. v. Dep't of Treasury*, 946 F.3d 649, 655 (5th Cir. 2019) (cleaned up; quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103-04 (1998)).

Here, Cooper alleges not that RSC caused him injury but that RSC injured Battles – RSC's "publishing of [ ] inaccurate and incomplete information has severely

damages the personal and credit reputation of Ms. Battles and caused severe humiliation, emotional distress, mental anguish, and lower FICO Scores," Dkt. No. 3, ¶ 12 – and that Battles "assigned 100 percent of [her] claim(s)" to him, *id.*, ¶ 2, entitling him to standing to file this lawsuit for her injury.

While there does not appear to be controlling precedent as to whether an FDCPA claim like the one at issue here may be assigned, the federal district courts, including – very recently – one in this district addressing another lawsuit filed by Cooper, that have

> considered this issue have noted that the FDCPA does not expressly permit assignment, and that it specifically provides for recovery of damages by the person who is a victim of an FDCPA violation. For this reason, they have looked to state law to determine assignability of a claim under that statute.
>
> Resort to state law is likewise appropriate in this case. "There is no federal law of assignments, and the [United States Court of Appeals for the] Fifth Circuit has held that the validity of a particular assignment of a federal cause of action is governed by the state law that the appropriate conflict of laws principles dictate should control the contract" of assignment. *Nicolls Pointing Coulson, Ltd. v. Transportation Underwriters of Louisiana, Inc.*, 777 F. Supp. 493, 496 (E.D. La. 1991) (citing *Martin v. Morgan Drive Away, Inc.*, 665 F.2d 598 (5th Cir. 1982)). In *Martin*, the Fifth Circuit looked to state law to determine whether assignment of a federal antitrust claim, which was not precluded by federal law, was void under state law champerty doctrines. *See* 665 F. 2d at 604 (citing *Sampliner v. Motion Picture Patents Co.*, 255 F. 244 (2d Cir. 1918), *rev'd on other grounds*, 254 U.S. 233 (1920) (finding Sherman Act claim assignable but applying Ohio law to decide whether the assignment was invalid for champerty)). "In doing so, the court distinguished between the federal nature of the claims and the law governing the form of the assignment of the claims." *In re East Cameron Partners, L.P.*, No. [08-51207,] 2011 WL 4625368, at *2-3 (Bankr. W.D. La. June 23, 2011) (discussing *Martin*). In contrast to the federal antitrust claim in *Martin*, however, no court appears to have found that an FDCPA claim is assignable under federal law.
>
> Although the Texas Supreme Court does not appear to have specifically addressed the assignability of claims under the Texas Fair

> Debt Collection Practices Act, it has considered the assignability of claims under another consumer protection law, the Texas Deceptive Trade Practices Act (TDTPA). *See PGG Indus. v. JMB/Houston Ctrs. Ltd. P'ship*, 146 S.W.3d 79 (Tex. 2004). In that case, it observed generally that:
>> With respect to the assignment of claims, we have recognized the collapse of the common-law rule that generally prohibited such assignments. But the assignability of most claims does not mean all are assignable; exceptions may be required due to equity and public policy. Courts addressing assignability have often distinguished between claims that are property-based and remedial and claims that are personal and punitive, holding that the former are assignable and the latter are not.
>
> *PGG Indus.*, 146 S.W.3d at 87 (cleaned up). TDTPA claims, it found, "clearly fall in the latter category." *Id.* It also found that the permitting assignment of those claims to a non-consumer was inconsistent with the purpose of the statutory cause of action. *See id.* at 92.

*Cooper v. Nat'l Credit Adjusters, LLC*, No. 3:22-cv-521-K-BH, 2022 WL 17656316, at \*3-\*4 (citations omitted), *rec. accepted*, 2022 WL 17631533 (N.D. Tex. Dec. 13, 2022).

The undersigned finds the reasoning in this case persuasive and agrees with the court's conclusion that Texas law as to assignment of TDTPA claims "is equally applicable to the FDCPA claim that [Cooper] asserts." *Id.* at \*4. That is, "[t]here appears to be no basis for finding that assignment of this consumer claim is consistent with, or would be permitted by, Texas law. Accordingly, the purported assignment of [Battles's] FDCPA claim to [Cooper] is invalid under Texas law." *Id.*

Cooper counters that another decision of the United States Supreme Court supports that he, as the assignee of Battles's FDCPA claim, has Article III standing. *See generally* Dkt. No. 8 (relying on *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269 (2008)). As the Fifth Circuit has summarized,

> [t]he *Sprint* Court held that an assignee for collection has Article III

> standing, even where the recovered proceeds of the claim are promised to the assignor, and even though the assignee did not originally suffer any injury. Supporting the proposition that "the assignee of a claim has standing to assert the injury in fact suffered by the assignor," the *Sprint* Court cited to *Vermont Agency of Natural Resources v. United States ex rel. Stevens*[, 529 U.S. 765 (2000)]. In *Vermont Agency*, the Court held that a relator had Article III standing to bring a *qui tam* action because, through the government's partial assignment its claim for damages, the government had conferred its injury in fact to the relator. In both *Sprint* and *Vermont Agency*, the Court found that the petitioners had standing based on the history and precedent permitting assignees to maintain suit.

*Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 547 (5th Cir. 2016) (footnotes omitted).

Analyzing another FDCPA-assignee plaintiff's reliance on *Sprint* to establish an injury in fact – "[a]s framed by Plaintiff's allegations and the parties' arguments, Plaintiff's standing hinges on the validity of Ms. Parker's assignment of her FDCPA claim to Plaintiff" – a federal district court in Oklahoma first found that, like here, precedent in its circuit has established that state law governs as to the validity of assignments and then found that, similar to Texas, Oklahoma prevents the assignment of non-contractual claims. *Dotson v. Transworld Sys., Inc.*, No. CIV-22-29-D, 2022 WL 2655785, at *2 (W.D. Okla. July 8, 2022).

The court in *Dotson* next found

> that Plaintiff's reliance on *Sprint* is misplaced. In *Sprint*, the plaintiffs were collection firms or debt "aggregators" who took assignments of claims from payphone operators and sued long-distance carriers to recover compensation due for connecting long-distance calls. *See Sprint*, 554 U.S. at 271-72. The claim assigned in *Sprint* was one for money owed – that is, the defendant's debt to the assignor, assigned for purposes of collection – and the validity of the assignment was not disputed. *See Sprint*, 554 U.S. at 271-72, 286. Plaintiff does not allege that Defendants owed Ms. Parker money or that she assigned Plaintiff a debt for collection, and here, the assignment was invalid.

*Id.* at *3.

Cooper's reliance on *Sprint* is similarly misplaced. Particularly where the assignment here is not valid under Texas law, Cooper cannot rely on *Sprint* to support the novel expansion of Article III standing he advances. *Cf. Lee*, 837 F.3d at 547 ("Since the Court's reasoning in both [*Sprint* and *Vermont Agency*] was firmly grounded on the history and tradition of assignment relationships, applying that reasoning to a circumstance in which no such relationship existed is speculative.").

In sum, Cooper has not shown an injury in fact to establish Article III standing. Consequently, he has not shown that there is subject matter jurisdiction. And RSC's motion to dismiss the complaint should be granted under Rule 12(b)(1).

## Recommendation

The Court should grant Defendant RS Clark & Associates, Inc.'s motion to dismiss [Dkt. No. 5] under Federal Rule of Civil Procedure 12(b)(1) and dismiss this case for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 28, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE